LILES, Acting Chief Judge.
Appellants brought suit against Property Mortgage Services, Inc., to recover the sum of $11,250 paid by them to the defendant to obtain a loan commitment, defendant having failed to return the $11,250 subsequent to their failure to obtain the loan. Plaintiffs attempted to join Financial Fire and Casualty Company based upon a surety bond issued by it which provided for the joint and several liability of both parties. The trial judge dismissed Financial Fire and Casualty Company with prejudice and held that the plaintiffs had not established injury and could not sue Financial Fire and Casualty Company until they had obtained a judgment against the principal, Property Mortgage Services, Inc.
We believe the trial court erred in dismissing Financial Fire and Casualty Company and we reverse.
It is apparent that the instrument was a surety bond and that it imposed joint and several liability upon both the principal and surety for injury occasioned by the wrongful action of the principal. We do not believe that it is necessary for the claim of injury to be proven separate and apart and prior to plaintiffs being able to sue Financial Fire and Casualty Company as a defendant.
The law in Florida is clear that when one law suit will suffice it is unnecessary to bring two. In the instant case the claim of injury was alleged and of course must be proven.
To follow the rationale of the trial court would require the bringing of two suits which we believe would be unnecessary.
For this reason we reverse and remand for further action consistent with this opinion.
HOBSON and MANN, JJ., concur.